IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN GROSS**                                                                                               **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:25-cv-861-KHJ-MTP**

**OFFICER DEBBIE UNKNOWN**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to proceed *in forma pauperis* [2] and on Plaintiff's failure to comply with the Court's Orders [3] [4]. On December 8, 2025, the Court directed Plaintiff to file a response clarifying his IFP Motion [2] for Leave on or before December 22, 2025. *See* Order [3]. Plaintiff failed to file a response.

Thus, on December 29, 2025, the Court entered an Order [4] directing Plaintiff to file a written statement by January 12, 2026, setting forth why his IFP Motion [2] should not be denied and this case dismissed for his failure to comply with the Court's Order [3]. The Court warned Plaintiff that his failure to file a response or show good cause may result in the denial of his IFP Motion [2] and the dismissal of this action without prejudice. *See* [4]. Despite this warning, Plaintiff failed to respond to the Order [4].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at

629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). As Plaintiff has not responded to multiple Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that the Motion for Leave to proceed *in forma pauperis* [2] be DENIED and this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 23rd day of January, 2026.

s/ Michael T. Parker
United States Magistrate Judge